# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JUDITH H. BRAECKLEIN, BAR NO. 3322.

No. 81828

FILED

JAN 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Judith H. Braecklein. Under the agreement, Braecklein admitted to violating RPC 5.5 (Unauthorized Practice of Law) and RPC 8.1 (Bar Admission and Disciplinary Matters), and agreed to a four-year suspension and the payment of costs.

Braecklein has admitted to the facts and violations as part of her guilty plea agreement. The record therefore establishes that Braecklein violated the above-referenced rules by (1) appearing in court multiple times on behalf of a client in a criminal matter while she was suspended, and (2) failing to meaningfully address the State Bar's letter of inquiry regarding that matter by omitting material information and providing false statements of material fact.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by

21-00823

the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Braecklein knowingly violated duties owed to her client, the profession, and the public, resulting in injury or potential injury to all. The baseline sanction for her misconduct, before considering aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 8.1 (Am. Bar Ass'n 2017) (providing that disbarment is generally appropriate when a lawyer "knowingly violates the terms of a prior disciplinary order" or "has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct" when "such violation causes injury or potential injury to a client, the public, the legal system, or the profession"). Here, we agree that the balance of mitigating and aggravating circumstances warrants a lengthy suspension rather than disbarment, which in Nevada is permanent, SCR 102(1). In particular, the parties and the majority of the hearing panel members agreed that Braecklein's absence of a dishonest or selfish motive, physical disability, remorse, and the imposition of other penalties or sanctions, including that she retake the bar exam and MPRE before reinstatement, mitigated the misconduct, and outweighed the aggravating circumstances (substantial experience in the practice of law, prior disciplinary offenses, multiple offenses, and a pattern of misconduct). In finding a pattern of misconduct and multiple offenses, the panel observed that Braecklein's continued practice of law while suspended involved one client in a DUI matter. Considering all the factors, we conclude that the agreed-upon and recommended discipline is appropriate and serves the

purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession).

Accordingly, we hereby suspend attorney Judith H. Braecklein from the practice of law in Nevada for four years commencing from the date of this order. Braecklein must also become current with her continuing legal education obligations, as determined by the Nevada CLE Board; retake the Nevada Bar exam and the MPRE; pay the outstanding costs balance from her previous disciplinary matter, if any; and submit quarterly reports to bar counsel confirming that she has not engaged in or assisted others in engaging in the unauthorized practice of law in Nevada. Further, Braecklein must pay the costs of the disciplinary proceedings, including $2,500 under SCR 120 within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc: Chair, Southern Nevada Disciplinary Board
Judith H. Braecklein
Bar Counsel, State of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court